UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| OSCAR JAVIER RAMIREZ,<br><br>             Plaintiff,<br>   v.<br>U.S. BANK N.A., et al.,<br>             Defendants.<br>_____/ | No. C 12-851 MEJ<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. NO. 13)** |

On May 24, 2012, the Court held a hearing on Plaintiff's Motion to Remand (Dkt. No. 13) and Defendants' Motion to Dismiss (Dkt. No. 8).[1] With respect to the Motion to Remand, one of Plaintiff's arguments is that this Court lacks subject matter jurisdiction because even if there is complete diversity between the parties, the amount in controversy for this mortgage loan dispute does not exceed $75,000. Dkt. No. 13 at 5. Defendants' Opposition argues that because this case concerns Plaintiff's $424,000 mortgage loan, the amount in controversy is satisfied and the action was properly removed from Alameda County Superior Court. Dkt. No. 17 at 4-5.

The Court has reviewed Plaintiff's Complaint, which was not artfully pled. In the Complaint, Plaintiff does not specify the amount of damages that he is seeking from this lawsuit. Dkt. No. 1, Compl. at 22 (Plaintiff prays for "Compensatory Damages in an amount to be determined by proof of trial"). At the hearing, Plaintiff represented to the Court that he is not seeking damages in excess of $75,000 and does not wish to rescind or void his mortgage loan with Defendants. But, as Defendants point out, these representations contradict two of the allegations in Plaintiff's Complaint. *See* Compl. ¶ 119 (pleading that the "fraudulent concealment voids the contract"); ¶¶ 148-49 (pleading

---

[1] At the hearing, both parties indicated that they were willing to attempt to resolve this matter with the Court's Alternative Dispute Resolution (ADR) Unit. Accordingly, pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, the Court referred the parties to the ADR Unit, where they participated in a joint telephone conference.

that "Defendants' security interest in the Subject Property has been rendered void"). Due to these inconsistencies, the Court ORDERS Plaintiff to file an amended complaint that alleges in explicit detail the relief he is seeking, including the amount of damages he wishes to recover, if any. *See Moreno v. Wells Fargo*, 2011 WL 6372637, at *9 (N.D. Cal. Dec. 20, 2011) ("Although the parties in this case are diverse, it is unclear whether the statutory minimum amount in controversy of $75,000 has been met. Therefore, the Court defers ruling on the issue of whether the amount in controversy requires remand until after Plaintiffs file their amended complaint."). Plaintiff's amended complaint must be filed by **Wednesday, July, 11, 2012.** The Court shall defer ruling on the motion to remand and motion to dismiss pending Plaintiff's response to this Order.

The Court FURTHER ORDERS that lead counsel for Plaintiff, Nick Pacheco, Esq., must review and sign Plaintiff's amended complaint, pursuant to Civil Local Rule 11. Counsel may be subject to sanctions if he fails to comply with any part of this Order.

**IT IS SO ORDERED.**

Dated: June 27, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge