UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| OSCAR JAVIER RAMIREZ, | No. C 12-0851 MEJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 13)** |
| v. | |
| U.S. BANK N.A., et al., | |
| Defendants. | |

On January 13, 2012, Plaintiff initiated this mortgage foreclosure action against Defendants in Alameda County Superior Court. Dkt. No. 1, Compl. He asserted the following causes of action: (1) "Violation of California Civil Code § 2923.5"; (2) "Violation of California Civil Code [sic] § 17200"; (3) "Fraud"; (4) "Negligent Misrepresentation"; (5) "Contractual Breach of Good Faith and Fair Dealing"; and (6) "Declaratory Relief." Compl. On February 22, Defendants removed Plaintiff's lawsuit to this Court based on diversity jurisdiction. Dkt. No. 1. They then moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Dkt. No. 8. Plaintiff responded by filing a Motion to Remand on March 26 and an Opposition to Defendants' Motion to Dismiss on March 30. Dkt. Nos. 13 and 14. In response to these respective filings, Defendants filed an Opposition and a Reply. Dkt. Nos. 17 and 18. On May 24, the Court held a hearing on both Motions.[1]

The Court only addresses Plaintiff's Motion to Remand because it is dispositive to this matter. Plaintiff's Motion first argues that Defendants' removal was not timely because it was filed 31 days after service of the Complaint. Dkt. No. 13 at 3-5. Defendants, however, counter that Plaintiff has

---

[1] At the hearing, both parties indicated that they were willing to attempt to resolve this matter with the Court's Alternative Dispute Resolution ("ADR") Unit. Accordingly, pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, the Court referred the parties to the ADR Unit, where they participated in a joint telephone conference.

1  waived the right to raise this non-jurisdictional defect because he failed to file his Motion to Remand
2  within 30 days after removal. Dkt. No. 17 at 2 (citing 28 U.S.C. § 1447(c)) ("A motion to remand the
3  case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30
4  days after the filing of the notice of removal under section 1446(a)."). Defendants are correct on this
5  point and it is likely the reason that Plaintiff did not respond to this argument by either filing a Reply
6  or raising the issue at the hearing. *See Borchers v. Standard Fire Ins. Co.*, 2010 WL 2608291, at *1
7  (N.D. Cal. June 25, 2010) ("Where, as here, a motion to remand is based on an alleged defect other
8  than lack of subject matter jurisdiction, the motion must be made within 30 days after the filing of the
9  notice of removal. If such motion is not filed within the time period provided in § 1447(c), the
10 motion must be denied as untimely.") (internal citations and quotations omitted). Accordingly, the
11 Court finds that Plaintiff has waived his right to raise a non-jurisdictional defect with Defendants'
12 Notice of Removal since his Motion to Remand was filed 33 days after the Notice.

13       Plaintiff next argues that remand is proper because the amount in controversy does not exceed
14 $75,000.[2] As the Court explained in its previous Order, Plaintiff's Complaint is not artfully pled.
15 Dkt. No. 25. In it, Plaintiff does not specify the amount of damages that he is seeking from his
16 lawsuit. Compl. at 22 (Plaintiff prays for "Compensatory Damages in an amount to be determined by
17 proof of trial"). At oral argument, Plaintiff represented to the Court that he is not seeking damages in
18 excess of $75,000 and does not wish to rescind or void his mortgage loan with Defendants. But, as
19 Defendants pointed out, these representations contradict two of the allegations in Plaintiff's
20 Complaint. *See* Compl. ¶ 119 (pleading that the "fraudulent concealment voids the contract");
21 Compl. ¶¶ 148-49 (pleading that "Defendants' security interest in the Subject Property has been
22 rendered void"). Due to these inconsistencies, the Court ordered Plaintiff to amend his Complaint
23 and clarify the exact relief he is seeking from Defendants. Plaintiff complied with this Order and

---

25   [2] Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions
26 where the suit is between citizens of different states and the amount in controversy, exclusive of
interest and costs, exceeds $75,000.00. Plaintiff does not dispute that there is complete diversity of
27 jurisdiction between all non-nominal parties in this matter and therefore the only issue is whether the
28 amount in controversy requirement has been met.

2

filed a first Amended Compliant ("FAC") on July 3, 2012. Dkt. No. 26.

In the FAC, Plaintiff appears to have only modified his prayer for relief.[3] He has now specified that he only seeks to postpone the foreclosure sale, collect $65,000 in compensatory damages (as well as interest on this amount), and any other relief that the Court considers appropriate. FAC at 22. Based on Plaintiff's FAC, the $75,000 amount in controversy requirement for diversity jurisdiction has not been met and this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a); *Moreno v. Wells Fargo*, CV11-05189 EDL, Dkt. No. 39 at 2 (N.D. Cal. Jan. 10, 2012) (in ruling on the plaintiff's motion to remand, the court first required the plaintiff to amend his complaint and then remanded the matter for lack of diversity jurisdiction since the plaintiff had clarified he was only seeking $65,000 in compensatory damages).[4] For this reason, the Court GRANTS Plaintiff's Motion (Dkt. No. 13) and REMANDS this action to Alameda County Superior Court. Defendants'

Motion to Dismiss (Dkt. No. 8) is DENIED AS MOOT.

---

[3] Notably, Plaintiff did not amend his FAC to remove the allegations from his Complaint that sought the rescission of the mortgage contract between the two parties. FAC ¶¶ 119, 148-49. The Court attributes this error to the general lack of care exhibited by Plaintiff's counsel throughout the course of this litigation. The Court rises above these inconsistencies since Plaintiff's counsel has represented on the record that Plaintiff is not seeking to rescind his loan and the Complaint has been amended to clarify that he only wishes to recover $65,000. If Plaintiff were to subsequently change course, his counsel would be subject to sanctions pursuant to FRCP 11.

[4] *But see Moras v. U.S. Bank*, CV11-6598 SC, Dkt. No. 23 at 4-6 (N.D. Cal. Mar. 15, 2012) (denying the plaintiffs' motion to remand because the court could only consider the operative complaint at the time of removal and not the plaintiffs' amended complaint which clarified that they were seeking $65,000 in compensatory damages). The court's decision in *Moras*, however, is distinguishable. In that case, the plaintiffs — after their action was removed — amended their complaint on their own volition and then moved to remand the matter back to state court. The *Moras* court refused to remand the matter out of concern that the plaintiffs were only amending the complaint to eliminate the basis for removal jurisdiction. Here, the Court does not share that same concern. It was the Court's decision to defer ruling on Plaintiff's Motion to Remand and order Plaintiff to first amend his Complaint, which the Court thought was ambiguous and unclear in terms of what he was seeking. After reviewing the FAC and considering counsel's argument at the hearing, the Court is persuaded that Plaintiff only wishes to postpone the foreclosure sale and not rescind the loan and is therefore not asserting claims that would meet the amount in controversy requirement for diversity jurisdiction.

1  Plaintiff's request for attorneys' fees and costs in connection with his Motion to Remand is
2  DENIED. As explained earlier, Plaintiff could have avoided removal if he would have artfully pled
3  his allegations in his original Complaint. By failing to do so, he bears the burden of having to incur
4  the expenses associated with his Motion to Remand. *See Nelsen v. PeoplePC Inc.*, 2007 WL
5  1574765, at *1 (N.D. Cal. May 30, 2007) ("The court, however, finds that defendant had an
6  objectively reasonable basis for seeking removal, and denies Plaintiff's request for attorney's fees
7  and costs.").

8  **IT IS SO ORDERED.**

10 Dated: July 10, 2012

11  _____
    Maria-Elena James
    Chief United States Magistrate Judge